The Terre Haute Gas Co. *v.* Teel and Wife.

PRACTICE.—Where error is alleged to have been committed in sustaining a demurrer to one paragraph of a complaint or answer, and the proof designed to be offered under such rejected paragraph would be admissable under other paragraphs of the same complaint or answer, this Court will not consider such error.

ACTION— NUISANCE.—Where a private corporation, doing business in a city, in the conduct of its business, creates a nuisance which causes injury to the property of a private citizen, such corporation will be responsible therefor in an action, notwithstanding such city may have attempted to authorize the doing of the acts which caused the nuisance.

BILL OF EXCEPTIONS—TIME OF FILING.—Where a definite time is given for the filing of a bill of exceptions, and the same is not filed within that time, the Court can not, at a subsequent term, authorize such filing.

APPEAL from the *Vigo* Circuit Court.

HANNA, J.—This was an action for the recovery of damages, resulting from an alleged nuisance, caused by the erection of the buildings and operating the works of said company, whereby the atmosphere was impregnated with deleterious and offensive odors, and the water with unpalatable tastes, &c.

Answer: 1. Denial. 2. The works are lawful and useful, authorized by the act of incorporation, and properly conducted. 3. License by the city authorities. 4. That the works are erected on grounds purchased of plaintiffs, they knowing the purpose for which it was acquired, and are properly erected, and the business skillfully conducted. 5. License from plaintiffs. 6. The works were erected under a contract with and license from the city authorities, and within the limits of the said city corporation—are skillfully conducted, and of good public utility, &c.

The Terre Haute Gas Co. v. Teel and Wife.

There were demurrers sustained to the second, fourth and sixth paragraphs of said answer, and overruled as to the others.

The first question presented is upon these rulings in sustaining said demurrers. No question is made in the brief of appellant in regard to the ruling as to the second paragraph. As to the fourth, it is urged that by the acts of the plaintiffs, therein set forth, they are estopped or precluded from maintaining this suit. On the other hand it is insisted, first, that even if the property was so sold it did not authorize the erection of a nuisance. Second, that the defendants, by amending said fourth paragraph, and making it in the form setting up a license, waived any benefit that might otherwise have resulted from the ruling on it, as originally presented, if it was then any thing but a plea of leave and license.

The record shows that the paragraph, numbered and termed the fifth by the appellants, was filed under an order of the Court to plead over upon the ruling on the fourth. And further, it is argued that all the matters that might have been given in evidence under said paragraph were available under others. It may be possible that the ruling of the Court was wrong upon this paragraph. It is not necessary that we should pass upon that question, for the reason that no injury could have resulted to the defendant from said ruling, as the same evidence was admissible under other paragraphs of said answer.

The next point made on said ruling is as to the validity of the defence attempted to be set up in the sixth paragraph. It is urged that, as the lighting the streets, &c., of a city is a matter of public concern and importance, therefore, the city authorities have the right to license and permit the erection of works for said purpose; and that damages can not be recovered by an inhabitant of said city for inconvenience, &c., con-

sequent upon the proper and skillful maintenance of said works by a private company.

This proposition may be correct; we need not determine whether it is or not, as to all instances in which a city, or a resident thereof, might seek to maintain a suit for damages to the streets, or any property which might be regarded as the property of the city, or the common and public property of the citizens thereof. But is it the law as to the rights of each individual as to injuries that might result to his private property? We think it is not. We can not believe that a municipal corporation has the right thus, indirectly, to take or injure the property of a private citizen without responsibility resting somewhere. If so, where so naturally as upon the person causing the injury. Did the city authorities, or this private corporation, cause such injury? We think it was the private corporation that should be immediately held responsible.

Questions are attempted to be raised upon instructions given and refused; but it is insisted by the appellees that such instructions are not before us, for the reason that they do not appear at length in any bill of exceptions, nor do they appear to have been signed by counsel and by the judge, as authorized by the statute. In assigning causes for a new trial, the instructions are set forth in said written causes. Evidently this would not of itself be sufficient. It is not required that the reasons should be spread upon the order book; therefore we could not infer that the signature of the judge, to the orders of the day, should be regarded as an affirmation of the correctness of the instructions as set out in said reasons. The force of this is seen by the appellant, and it is argued that the defect is cured by the bill of exceptions, in which this language occurs: "And this was all the evidence in the case; whereupon the Court instructed the jury as hereinafter set forth in the reasons for a new trial." An admis-

The Terre Haute Gas Co. *v.* Teel and Wife.

sion is endorsed upon the record that exceptions were taken at the proper time to these rulings of the Court in giving and refusing instructions, but the right to insist that the said rulings, &c., are not properly in the record is reserved.

It is also argued that, as it is thus shown that objections and exceptions were properly taken, the reference in the bill of exceptions above set forth, sufficiently makes said instructions and rulings, as set out in the reasons for a new trial, a part of the record.

To this it is answered that, all that does not formally and properly make up the record, so as to avail the appellants, and if it did, that the bill of exceptions itself is not a part of the record, and a motion is interposed to strike it out.

It is shown that upon the trial ninety days were given to prepare and file bills of exceptions; that they were not filed for more than thirty days after the time limited; that the judge then, in open Court, at a term subsequent to that at which the trial was had, gave leave to the appellants to prefer said bills, signed them and caused them to be filed.

Two questions are presented upon this—first, whether the power then existed in the Court, under our statutes and practice, to make such order, or give such leave; and, second, if yes, whether, in this instance, there was a sound exercise thereof?

The first of these questions has already been anticipated in the cases in 19 Ind. 178, *id.* 315, *id.* 324, *id.* 383, *id.* 390, in which it is held that such an order of the Court is inoperative for the want of power in the Court to make it. This dispenses with the necessity of deciding whether the reference to the instructions, embodied in the reasons for a new trial in the bill of exceptions, made the same a part of the record or not. It also leaves out of view the various and interesting questions so ably argued in reference to the rulings upon said instructions.

---

*Per Curiam.*—The judgment is affirmed, with costs and 3 per cent. damages.

*Usher, Thompson & Scott,* for the appellant.

*J. P. Baird* and *B. B. Moffatt,* for the appellees.